Cite as 2023 Ark. App. 296

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV-22-811

|  |  |
|---|---|
| | **Opinion Delivered** May 17, 2023 |
| MARQUITA JOHNSON | |
| APPELLANT | APPEAL FROM THE PHILLIPS COUNTY CIRCUIT COURT |
| V. | [NO. 54JV-21-44] |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN | HONORABLE KATHIE HESS, JUDGE |
| APPELLEES | AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant Marquita Johnson appeals the Phillips County Circuit Court's order entered on September 26, 2022, terminating reunification services; granting permanent custody of minor child 1 ("MC1"), minor child 2 ("MC2"), and minor child 3 ("MC3") to their father; suspending visitation between Johnson and the children; and closing the case. On appeal, Johnson argues there was insufficient evidence to support termination of reunification services and awarding custody of the children to their father. We affirm.

On November 18, 2021, the Arkansas Department of Human Services ('the Department") received a child-abuse-hotline referral concerning Johnson and her children, MC1, MC2, and MC3. Following an investigation, the Department exercised a seventy-two-hour hold on the children. On November 22, the Department filed a petition for emergency custody and dependency-neglect. In an affidavit attached to the petition, family service worker (FSW) Jessica Razor alleged:

[Johnson] will not assist [MC1] with her medical needs. [MC1] is a diabetic and uses syringes for insulin. [Johnson] is unstable and she has missed [MC1's] doctor's appointments with Arkansas Children's Hospital-Diabetic Clinic. It is unknown if [Johnson] is employed. [Johnson] refuses to give the Department any information regarding her child's well-being, placement arrangement for her children, nor demographic information for herself or her children. [Johnson] was arrested and booked before the interview could be completed. [Johnson] is being charged with domestic battery-2nd degree. [MC1] appears to have marks on her arms and stomach area from being hit with an extension cord that [MC1] states her mother [Johnson] did on 11/18/2021 morning for leaving the blood sugar monitor at home and not having it with her at the doctor's appointment. [MC1] has been suicidal in the past, in which she told her mother [Johnson] and Dr. Jurhee Freese at Arkansas Children's Hospital on 9/17/21. After assessing for health and safety, the following safety factors were identified and were considered in making the decision to remove the juveniles:

- Safety factor 1 Caretaker's behavior toward child(ren) is violent or out of control.

- Safety factor 7 Caretaker is unwilling or unable to meet the child's needs for food, clothing, shelter, or medical, or mental, health care.

The juvenile was removed from the custody of [Johnson] on November 18, 2021 at 5:22 pm, because circumstances and conditions of [Johnson] present an immediate danger to the health and physical well-being of the juvenile(s). The following safety assessment factors were identified and considered in making the decision to remove the juvenile(s): [Johnson] subjected the juveniles to substantial risk of harm by [being] unwilling to meet [MC1's] medical needs and by having out of control behavior towards [MC3], [MC1], and [MC2]. [Johnson's] out of control behavior results in physically abusing the juveniles with an extension cord and leaving marks on the skin. The juveniles are fearful of their mother due to statements she has made towards them like "[MC1] has a death wish anyway" or [Johnson] reports occasionally to her children "she wants to hurt her children since her mom passed away." There were also marks observed on [MC1's] arms and stomach from physical abuse by [Johnson]. [Johnson] has made statements at Arkansas Children's Hospital-Diabetic Clinic towards [MC1] for not keeping up with her insulin injections and blood sugar. Some of the statements [Johnson] made towards [MC1] were as follows: "I'm afraid of getting air in the syringe and hurting [MC1]" and "she is not going to be the one who gets in trouble for [MC1's] medical issues." It was also reported from medical staff at Arkansas Children's Hospital that [Johnson] stated on 11/18/21 that "[MC1] has a death wish anyway." [Johnson] was hostile while at Arkansas Children's Hospital-Diabetic Clinic on 11/18/21 causing her to be arrested and charged with domestic battery-2nd degree and she is currently in Pulaski County jail. [Johnson] was never drug screened on 11/18/21.

The circuit court entered an ex parte order for emergency custody on that same day, placing the juveniles in the custody of the Department. In the probable-cause order entered on December 28, the circuit court found that probable cause existed and continued to exist for the juveniles to remain in the Department's custody. The circuit court noted the existence of a criminal no-contact order and modified it to allow "sight and sound" supervised visitation between Johnson and the juveniles. Johnson was ordered to submit to a drug-and-alcohol assessment; submit to a psychological evaluation; participate in counseling; cooperate with the Department; comply with the case plan and court orders; view "The Clock is Ticking" video; remain drug-free and submit to random drug screens; participate in and complete parenting classes; provide the Department proof of any prescribed medication; obtain and maintain clean, safe, and stable housing with utilities; allow the Department access to her home; obtain and maintain stable employment or provide income sufficient to support the family; provide the Department with a budget indicating sufficient income and/or resources to meet the needs of the family; and keep the Department informed of any change in address, contact information, marital status, or employment status.

An adjudication hearing was held on January 12, 2022. Following the hearing, in an order entered on February 18, the circuit court adjudicated MC1, MC2, and MC3 dependent-neglected as a result of environmental neglect and inadequate supervision. While the juveniles were ordered to remain in the Department's custody, they were placed with their father, Dale Brewster. The goal of the case was established as reunification. The circuit court additionally authorized supervised visitation. Johnson was ordered to comply with the previous orders of the court and follow the case plan.

At the March 16 review hearing, the juveniles were ordered to remain in the custody of the Department. The goal of the case continued to be reunification with a concurrent goal of relative placement. The Department was found to have made reasonable efforts to provide family services and finalize a permanency plan for the juveniles. Johnson was found in compliance with the case plan regarding housing and attending counseling appointments. The juveniles were scheduled to begin counseling on the day of the hearing. The circuit court accepted the recommendation of the attorney ad litem that any increased visitation with the children would be on the advice of the therapist. The order noted that, in the home of her father, MC1 "is doing well with her diabetes and her A1C count has gone down."

On August 17, the Department filed a motion to terminate reunification services to Johnson based on aggravated circumstances; specifically, that there is little likelihood that services to the family will result in successful reunification.

Following the September 14 hearing, the circuit court terminated reunification services to Johnson, placed the juveniles in the custody of their father, denied visitation between Johnson and the juveniles, and closed the case. Johnson appealed from the termination-of-reunification-services order.

In order to grant a motion for no reunification services, a circuit court must find by clear and convincing evidence that the petitioner has proved at least one ground.[1] Clear and convincing evidence is that degree of proof that will produce in the fact-finder a firm conviction as to the allegation sought to be established.[2]

---

[1]*McHenry v. Ark. Dep't of Hum. Servs.*, 2014 Ark. App. 443, 439 S.W.3d 724.
[2]*Watkins v. Ark. Dep't of Hum. Servs.*, 2021 Ark. App. 55.

On appellate review, appellate courts will not reverse a circuit court's no-reunification-services order unless the findings are clearly erroneous.[3] A finding is clearly erroneous when there is evidence to support it, but the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made.[4] We give due regard to the opportunity of the circuit court to judge the credibility of witnesses, and in matters involving the welfare of young children, we give great weight to the circuit court's personal observations.[5]

On appeal, Johnson first challenges the sufficiency of the evidence supporting the termination of reunification services. Specifically, she contends, "By failing to offer critical services in the months leading up to the hearing, [the Department] did not offer sufficient proof that there was little likelihood that continued services would result in reunification." Johnson contends that family therapy was essential for reunification. She acknowledges that during a family-therapy session on May 17, "she made a statement that hurt her children." Finding it to be contrary to the children's best interest, family-therapy sessions with Johnson and the juveniles were discontinued. Johnson argues that without continued sessions following the incident on May 17, she was unable to demonstrate that she could meet her children's needs and provide them with a safe and stable home.

Johnson correctly states that the Department halted family-therapy sessions following an incident on May 17. During that session, in response to MC1's statement that she felt unloved by her mother, Johnson responded, "If I didn't love you, I would have snapped your neck while giving

---

[3]*McHenry*, s*upra*.

[4]*Coleman v. Ark. Dep't of Hum. Servs.*, 2010 Ark. App. 851, 379 S.W.3d 778.

[5]*McHenry*, s*upra*.

5

birth to you." The juveniles became emotionally upset by Johnson's statement, and the sessions were halted. Johnson contends that without the appropriate services, she did not have a path to help her daughter heal.

The circuit court terminated reunification services to Johnson on the aggravated-circumstances ground. Under the aggravated-circumstances ground, a circuit court may terminate reunification services if there is little likelihood that further services will result in a successful reunification.[6] This court has held that proof of services is not an element of the aggravated-circumstances finding.[7] Johnson asserts she "is not arguing that a showing of reasonable efforts was required; rather [she] is arguing that the circuit court had to have something upon which to base its decision that additional services would not have resulted in reunification." Even though Johnson attempts to distinguish her argument from a failure to provide reunification services, we find that it is indeed the same argument. Furthermore, Johnson fails to cite any legal authority for her contention that without first providing appropriate services, the court cannot fully assess whether further services will result in successful reunification. When an appellant does not cite authority or make a convincing legal argument, and where it is not apparent without further research that the point is well taken, we will affirm.[8]

Moreover, the record establishes that the Department did offer services to Johnson, such as visitation, a drug-and-alcohol assessment, foster-care services, and counseling. Despite these services, Johnson still made inappropriate comments to the children during a therapy session,

---

[6]*See* Ark. Code Ann. § 9-27-365(c)(2)(A)(v) (Repl. 2020).

[7]*Thompson v. Ark. Dep't of Hum. Servs.*, 2022 Ark. App. 478.

[8]*Cotton v. Ark. Dep't of Hum. Servs.*, 2012 Ark. App. 455, 422 S.W.3d 130.

Johnson failed to take responsibility for her actions and the effect her actions had on the children, Johnson had unresolved criminal charges stemming from the incident that initiated opening the case, and the children refused visitation with Johnson for which Johnson blamed the children's father. While the Department provided services to Johnson, she failed to benefit from them in a manner sufficient to achieve successful reunification, and there is little likelihood that further services will result in successful reunification.

For Johnson's next point on appeal, she contends the circuit court erroneously granted custody of the juveniles to their father and closed the case. She argues, "As [the Department] failed to prove that there was little likelihood that continued services would result in reunification, it was premature for the court to change the goal of the case, grant custody to [father] and close the case. Because we hold there was sufficient evidence to support the termination of reunification services on the aggravated-circumstances ground, appellant's argument is meritless and need not be addressed.

Last, Johnson argues that even if the circuit court did not err in terminating reunification services, changing the case goal, granting custody of the children to their father, and closing the case, she should have been granted visitation with the children. She contends that while visitation may not have been appropriate at the time of the termination-of-reunification-services hearing, the court's ruling denying visitation and closing the case was "tantamount to a termination of parental rights." Johnson argues that "by denying any future visitation, the court barred any chance of a future relationship between these children and their mother." She asserts there was a less restrictive option, such as allowing reasonable visitation upon the recommendation of the children's therapist.

The issue of visitation lies within the sound discretion of the circuit court, with the primary consideration being the best interest of the children.[9] Johnson essentially asks this court to reweigh the testimony and evidence, which we will not do. Further, Johnson's contention that the circuit court denied her any future visitation with the children is disingenuous. In its order terminating reunification services, the circuit court stated, "The Court finds *at this time* that visitation between the mother and the children are terminated based upon her actions."[10] The circuit court's "at this time" statement implies that the suspension of visitation was temporary in nature and not intended to serve as a bar to future visitation.

We affirm the circuit court's September 26, 2022, "Order Terminating Reunification Services, Permanency Planning Order, Order of Custody and Case Closing Order."

Affirmed.

HIXSON and MURPHY, JJ., agree.

*Jennifer Oyler Olson*, Arkansas Commission for Parent Counsel, for appellant.

*Ellen K. Howard*, Ark. Dep't of Human Services, Office of Chief Counsel, for appellee.

*Dana McClain*, attorney ad litem for minor children.

---

[9]*Hudson v. Kyle*, 365 Ark. 341, 229 S.W.3d 890 (2006).

[10](Emphasis added.)